BUNTIN, GAME AND FISH DIRECTOR, *v.* CROWDER *et al.*

(*Nashville,* December Term, 1937.)

Opinion filed July 2, 1938.

TEMPLETON & STEVENS, of Fayetteville, ROY H. BEELER, Attorney-General, and W. F. BARRY, JR., Assistant Attorney-General, for appellant.

LAWSON MYERS and DAY SUGG, both of Fayetteville, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

■ This is a proceedings under the Declaratory Judgments Act, Code 1932, section 8835 et seq., brought by the Game and Fish Director against certain fur dealers in Lincoln County. The question presented is the constitutionality of chapter 747 of the Private Acts of 1937. The complainant is interested in having the Act stricken down, and defendants are interested in having it upheld. The parties are, therefore, entitled to a ruling under the declaratory judgments statute.

■ The chancellor held chapter 747 of the Private Acts of 1937 to be in all respects valid and constitutional and complainant has appealed. The caption and section 1 of the said Act of 1937 are as follows:

"An Act to regulate hunting, fishing and trapping and to relieve persons from purchasing licenses to buy and/or sell furs of wild animals in counties having a population of not less than 25,400 nor more than 25,450, un-

der the Federal Census of 1930 or any subsequent Federal Census.

"Sec. 1. Be it enacted by the General Assembly of the State of Tennessee, That hereafter, no license shall be required of any person to hunt, fish or trap, or to buy and/or sell furs of wild animals."

Section 2 of the Act forbids hunting, fishing or trapping upon the premises of another without permission. Section 3 clothes sheriffs, deputies and constables with the authority of game wardens under general laws. Section 4 makes it lawful for any person at any time to take fish with hook and line with natural or artificial bait or snatch hook. Section 5 extends the trapping or hunting season provided by the general law for fur-bearing animals, and section 6 legalizes the shooting or taking of rabbits and squirrels by residents of the county during any month in the year.

The defendants undertake to justify this Act of 1937 under Article 11, Section 13, of the Constitution as follows:

"The General Assembly shall have power to enact laws for the protection and preservation of game and fish within the State, and such laws may be enacted for and applied and enforced in particular counties or geographical districts designated by the General Assembly."

It is rather difficult to see how any provision of this statute tends toward the protection and preservation of game and fish. However, it is only necessary to consider section 1 undertaking to relieve those who hunt, fish, trap, buy or sell furs from taxation.

Chapter 84 of the Public Acts of 1937 is an Act to regulate hunting and fishing in Tennessee and containing provisions for the preservation and protection of wild

animals, wild birds, and fish within the State and to establish and maintain game preserves and fish hatcheries. Funds raised under the provisions of this Act are used for purposes of its enforcement; for purchasing land for game farms, reservations, fish hatcheries or feeding ponds; for constructing suitable buildings, ponds and propagation pens; for purchasing and propagating game birds, game animals and game fish; and for other purposes in which the people of the entire State are interested.

Section 31 of chapter 84 of the Public Acts of 1937 is as follows:

"That for the purpose of providing revenue to carry out the provisions of this Act, there is hereby imposed upon each person, firm, or corporation engaged in the business of buying, selling, storing, receiving, or having in possession, for commercial purposes, any green hides, raw furs or pelts of wild animals, a privilege tax measured as follows:

"On each opossum hide ........................$ .03
"On each muskrat hide ........................ .05
"On each skunk hide .......................... .05
"On each weasel hide ......................... .03
"On each raccoon hide ........................ .10
"On each mink hide ........................... .15
"On each otter hide .......................... .25
"On each gray fox hide ....................... .10
"On each red fox hide ........................ .25

"Said tax shall be paid and the stamps hereinafter provided for affixed by the person, firm, or corporation first having possession and ownership of such green hides, raw furs, or pelts, whether such possessor or owner be wholesaler or wholesalers, jobber or jobbers, retailer

or retailers, after the same shall have come to rest in this State, and intended to be sold, transferred, conveyed, and distributed in this State or shipped out of this State."

No reason occurs to us to justify a law that relieves fur dealers in Lincoln County from the tax above levied, at the same time leaving all other fur dealers in the State subject to the tax. Palpably a special privilege is by such an Act conferred on Lincoln County fur dealers and an arbitrary discrimination made against fur dealers in other counties. Such an Act is condemned by Section 8 of Article 1 and Section 8 of Article 11 of the Constitution of Tennessee.

As heretofore said, it is unnecessary to go beyond section 1 in the consideration of chapter 747 of the Private Acts of 1937. Section 1 of the Act cannot well be elided. The caption of the Act provides that it is one "to relieve persons from purchasing licenses to buy and/or sell furs of wild animals." We cannot say that the Act would have been passed without this exemption in favor of Lincoln County fur dealers. Indeed, it is not improbable that the fur dealers secured the passage of the Act.

The decree of the chancellor will be reversed and a declaration made here in accordance with the views above expressed.