James H. **CARTER**, etc., Plaintiff,

v.

Sam **TAYLOR** et al., Defendants.

No. CIV–2–75–119.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 25, 1975.

D. Bruce Shine, Kingsport, Tenn., for plaintiff.

Joseph O. Fuller, Kingsport, Tenn., Phillip L. Boyd, Rogersville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action, *inter alia*, to enjoin local officers of the state of Tennessee who were charged with the execution and enforcement and of a statute thereof, on the ground that such statute is violative of the federal Constitution, First and Fourteenth Amendments. 28 U.S.C. § 2281. The plaintiff applied to the undersigned judge to request a district court of three judges ·to be convened to hear and determine the constitutional and injunctive issues. 28 U.S.C. § 2284.

■ It appears to the undersigned that the issues herein between the plaintiff (a former student) and the defendants (the principal of the school the plaintiff attended and the administrator and members of the board of the school system of which it is a part) may be resolved while avoiding the federal constitutional issue involved with regard to such statute. A substantial constitutional issue, touching upon a sensitive area of social policy, ought not be entered by the federal courts unless no alternative to its adjudication is open. *Railroad Commission of Texas v. Pullman Co.* (1941), 312 U.S. 496, 498, 61 S.Ct. 643, 85 L.Ed. 971, 973 (headnote 1).

The principal thrust of the plaintiff's complaint is that he was expelled or suspended indefinitely from school by the aforementioned principal thereof under the authority of T.C.A. § 49–1309. In addition to asking for the convening of a district court of three judges to determine the federal constitutional issue, to make a declaration that T.C.A. § 49–1309 is unconstitutional, to retain the defendants from its further enforcement, and to order the expulsion of the plaintiff expunged from the pertinent school records, the plaintiff seeks in addition the provision to him by the defendants of a homebound teacher, readmission to any school of the county of his residence, $25,000 in compensatory and $35,000 in punitive damages from the defendants, a requirement that the defendants promulgate regulations in accord with the Constitution, Fourteenth Amendment, Due Process Clause, governing student suspensions, expulsions and involuntary transfers, general relief, and his attorneys' fees.

■ Although the defendant-principal cited T.C.A. § 49–1309 in support of his actions against the plaintiff, the validity of such principal's action in expelling or suspending the plaintiff was not dependent upon the validity of the cited statute. A public school principal is charged under Tennessee law with the responsibility for the operation of the school to which he is assigned. Independent of the statute, his authority in this regard is commensurate with his charge. *Phillips v. Johns*, C.A.Tenn. (1930), 12 Tenn.App. 354, 357 (headnote 1), certiorari denied (1931). A public school principal is responsible for maintaining such discipline and order within the school as will permit the educational processes to be carried out. Thus, even without reference to the federal Constitutionality of T.C.A. § 49–1309, the plaintiff would be entitled to relief against one or more of

the defendants if he shows an infringement of his federal rights.

Apparently there has been no adjudication of the constitutionality of T.C.A. § 49–1309 by any court of Tennessee. The last word on its meaning belongs to the Tennessee Supreme Court. As the late Mr. Justice Frankfurter observed in a similar context:

\*    \*    \*    \*    \*    \*

\* \* \* In this situation a federal court of equity is asked to decide an issue by making a tentative answer which may be displaced tomorrow by a state adjudication. \* \* \* The reign of law is hardly promoted if an unnecessary ruling of a federal court is thus supplanted by a controlling decision of a state court. The resources of equity are equal to an adjustment that will avoid the waste of a tentative decision as well as the friction of a premature constitutional adjudication.

An appeal to the chancellor \* \* \* is an appeal to the "exercise of the sound discretion, which guides the determination of courts of equity." \* \* The history of equity jurisdiction is the history of regard for public consequences in employing the extraordinary remedy of the injunction. There have been as many and as variegated applications of this supple principle as the situations that have brought it into play. \* \* \* Few public interests have a higher claim upon the discretion of a federal chancellor than the avoidance of needless friction with state policies, whether the police relates to \* \* \* the final authority of a state court to interpret doubtful regulatory laws of the state. \* \* \* These [cited] cases reflect a doctrine of abstention appropriate to our federal system whereby the federal courts,

"exercising a wise discretion," restrain their authority because of "scrupulous regard for the rightful independence of the state governments" and for the smooth working of the federal judiciary. \* \* \* This use of equitable powers is a contribution of the courts in furtherance of the harmonious relation between state and federal authority without the need of rigorous congressional restriction of those powers. \* \* \*

*Railroad Commission of Texas v. Pullman Co., supra,* 312 U.S. at 500–501, 61 S.Ct. at 645, 85 L.Ed. at 974–975 (headnotes 2, 3).

■ If T.C.A. § 49–1309 is a valid enactment of Tennessee law, the federal constitutional issue herein becomes moot. The law of Tennessee appears to furnish easy and ample means for making this determination: " \* \* \* The chancery court shall have all the powers, privileges and jurisdiction properly and rightfully incident to a court of equity. \* \* " T.C.A. § 16–601. A proceeding to test the constitutionality of an act of the General Assembly of Tennessee is proper under this section under the Tennessee declaratory judgments statute, T.C.A. §§ 23–1101, et seq. *Buntin v. Crowder* (1938), 173 Tenn. 388, 389(1), 118 S.W.2d 221. " \* \* \* The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar." Rule 57, Tennessee Rules of Civil Procedure.

Because, in the present posture of this lawsuit, a substantial federal constitutional question is not presented which requires an immediate adjudication of the plaintiff's uncertain federal constitutional grievance, cf. *Lake Carriers' Asso. v. MacMullen* (1972), 406 U.S. 498, 510–511, 92 S.Ct. 1749, 1757, 32 L.Ed.2d 257, 269[12],\* the undersigned judge hereby

---

\* This is the " \* \* \* paradigm case for abstention [which] arises when the challenged state statute is susceptible of 'a construction by the state courts' that would avoid or modify the [federal] constitutional question. \* \* \* " "Where resolution of the federal constitutional question is dependent upon, or

may be materially altered by, the determination of an uncertain issue of state law, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication. . . .

DECLINES to request the chief judge of this circuit to convoke a district court of three judges herein.

A pretrial conference will be assigned at the first convenient time on the remaining issues advanced by the plaintiff.

The doctrine . . . contemplates that deference to state court adjudication only be made where the issue of state law in uncertain. * * *" Idem.